FILED
2021 Jan-11 PM 04:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DETRICK LEWIS,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:18-cv-00428-RDP |
| **UNITED STATES STEEL CORPORATION,** | ) |
| **Defendant.** | ) |

### PRETRIAL ORDER

A pretrial conference was held in the above case on January 11, 2021, wherein, or as a result of which, the following proceedings were held and actions were taken:

1. <u>Appearances</u>. Appearing at the conference were:

   For Plaintiff Detrick O. Lewis:  Kenneth D. Haynes

   For Defendant U. S. Steel Corporation: Michael L. Lucas and Rodney M. Torbic (via telephone)

2. <u>Nature of the Action, Jurisdiction and Venue</u>.

   (a) The nature of this action is as follows:

   Plaintiff alleges he was discharged because of his race in violation of Title VII and Section 1981. USS denies Plaintiff's allegations.

   (b) The court has subject matter jurisdiction of this action under the following statutes, rules or cases: 28 U.S.C. § 1331 and § 1367, 42 U.S.C. §1981 and Title VII.

   (c) All jurisdictional and procedural requirements prerequisite to maintaining this action *have* been met.

   (d) Personal jurisdiction and/or venue *are not* contested.

3. <u>Parties and Trial Counsel</u>. Any remaining fictitious parties are hereby **STRICKEN.**

The parties and designated trial counsel are correctly named as set out below:

|  | Parties: | Trial Counsel: |
|---|---|---|
| Plaintiff(s): | **Detrick O. Lewis** | Kenneth D. Haynes and Alicia Haynes |
| Defendant(s): | **United States Steel Corporation** | Michael L. Lucas and Rodney M. Torbic |

4. <u>Pleadings</u>. The following pleadings have been allowed:

ECF No. 1          Complaint

ECF No. 4          Defendant United States Steel Corporation's Answer to Complaint

5. <u>Statement of the Case</u>.

   (a)   <u>Narrative Statement of the Case</u>.

Plaintiff claims that Defendant intentionally discriminated against him based on his race (African-American) in violation of federal anti-discrimination laws. In particular, Plaintiff contends that Defendant terminated his employment because of his race. Defendant denies that Plaintiff's employment was terminated because of his race and asserts that Plaintiff's employment was terminated because of his violations of safety rules known as "Cardinal Rules."

   (b)   <u>Undisputed Facts</u>.

1. Plaintiff is an African-American male.

2. Plaintiff began employment at United States Steel Corporation ("USS") at the Fairfield Works on August 20, 2000.

3. As a USS employee, Plaintiff was a member of the United Steelworkers Union ("Union").

4. The Basic Labor Agreement ("BLA"), is a Union contract that governs the terms and conditions of employment of USS's Union employees.

5. USS Union employees work various shifts.

6. For example, there was the A turn (or "shift"), where an employee worked from 11:00 p.m. to 7:00 a.m.; the B turn, from 7:00 a.m. to 3:00 p.m.; and the C turn, from 3:00 p.m. to 11:00 p.m.

7. Generally, an employee would not work the same shift week to week, and each shift had its own shift manager.

8. As an employee, Plaintiff was required to abide by certain rules, policies, and procedures. There were specific rules, namely Cardinal Rules, that, if violated, could result in discharge.

9. Some of the Cardinal Rules include (1) wearing fall protection when boarding a crane, (2) following energy control lock-out/tag-out/tryout including hazardous energy control procedures, and (3) adhering to the procedures for boarding and deboarding cranes.

(c) Plaintiff's Claims.

1. Race Discrimination – Plaintiff claims that he was subjected to race discrimination when he was terminated by USS while allowing his similarly-situated white co-worker to keep his job when they both violated Safety Cardinal Rules. To establish his claim, Plaintiff must prove (1) That USS terminated his employment, (2) That Plaintiff's race was a motivating factor that prompted USS to take that action.

See Eleventh Circuit Pattern Jury Inst. 4.5 and 4.9
*Killingsworth v. Birmingham-Jefferson Cty. Transit Auth.*, 2091 WL 3892340 (N.D. Ala. Aug. 19, 2019)
*Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354 (11th Cir. 1999)

(d) Defendant's Defenses.

1. Race Discrimination - Plaintiff Cannot Establish A *Prima Facie* Case **-** Plaintiff must first make out a *prima facie* case of race discrimination by demonstrating that he "was (1) a member of a protected class; (2) qualified for [his] current position; (3) subject to an adverse employment action; and (4) treated less favorably than a similarly-situated employee outside [his] protected group."
Thomas v. Humana Health Plan, Inc., 457 F. App'x 819, 821 (11th Cir. 2012)

Perryman v. Johnson Prods. Co., 698 F.2d 1138, 1142 (11th Cir. 1983)

Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997)

Wilson v. Bellsouth Telecomms. Inc., 386 F. App'x 971, 972 (11th Cir. 2010)

Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990)

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)

(A) No Adverse Employment Action - Plaintiff cannot establish a *prima facie* case of race discrimination under Title VII or § 1981 because he cannot show that he was subjected to an adverse employment action. While Plaintiff may argue that USS's decision to convert Plaintiff's suspension to a discharge constitutes an adverse employment action, Plaintiff actually resigned from his position after meeting with his union representatives. Not only did Plaintiff choose to

resign, but Plaintiff failed to exercise his contractually provided rights under the BLA.  Plaintiff did not submit a Civil Rights complaint to the Civil Rights Committee.  Plaintiff did not grieve his discharge and he voluntarily forfeited his rights under the BLA to go to binding arbitration at which point his discharge could have been overturned, modified or affirmed.  Plaintiff's discipline also could have been settled during the grievance and arbitration process.  However, Plaintiff voluntarily chose to resign his employment effective as of the day of the safety incident which was before his discipline was issued.  Plaintiff stated he resigned because he wanted his 401(k) money, but this decision was a voluntary choice by Plaintiff.

      Smith v. City of Greensboro, 647 F. App'x 976, 980-81 (11th Cir. 2016)

      (B) No Similarly Situated Employees - Plaintiff cannot establish a *prima facie* case because he cannot show any similarly situated employees who were treated better.  The Eleventh Circuit requires a plaintiff to offer comparators who are similarly situated in "all material respects."  Here, Plaintiff's would-be comparator, Ray Stanford, is not only not similarly situated to Plaintiff – Stanford is clearly different.  USS believed Plaintiff was told to stay put in his crane and he did not.  Completely opposite of Plaintiff's situation, USS believed Stanford was directed by his shift manager to board the crane.  Unlike Plaintiff, Stanford was faced with the choice of breaking safety rules or being insubordinate. Moreover, Stanford was a long-service employee with thirty years of service while Plaintiff only had fifteen years of service.  During the applicable time period from which prior discipline could be considered, Stanford's record was clean while Plaintiff had prior discipline.  Dittrich, the decision maker honestly believed that under the circumstances, he could uphold Plaintiff's discharge in arbitration, but he could not do so with Stanford.  Thus, Stanford is not a valid comparator, and the Eleventh Circuit has held that an employer is "well within its right to accord different treatment to employees who are differently situated" in material respects such as different conduct, policies, and work histories.

      Lewis v. City of Union City, 918 F.3d 1213, 1226-29 (11th Cir. 2019)

      Landry v. Lindcare, Inc., 579 F. App'x 734, 739 (11th Cir. 2014)

      2.     USS Acted For Legitimate Non-Discriminatory Reasons And There Is No Evidence Of Pretext **-** USS acted for legitimate, non-discriminatory reasons and there is no evidence of pretext.  USS decided to issue discipline to multiple bargaining unit employees (black and white) and supervisors after an investigation of the incident with Plaintiff's crane.  There is no issue that Plaintiff engaged in the relevant conduct and that his conduct violated two Cardinal Safety Rules.  Likewise, the evidence establishes that the decision maker, Dittrich, did not even know Plaintiff's race.  There simply is no evidence that USS did not have a good faith belief that Plaintiff's conduct was inappropriate and that his discharge was warranted.

      Jones v. Gerwens, 874 F.2d 1534, 1540 (11th Cir. 1989)

      Chaney v. Southern Ry. Co., 847 F.2d 718, 723-24 (11th Cir. 1988)

      Nix v. WLCY Radio/Rahall Commc'ns, 738 F.2d 1181, 1187 (11th Cir. 1984), abrogated on other grounds, Lewis, 918 F.3d 1213.

      Landry v. Lindcare, Inc., 579 F. App'x 734, 739 (11th Cir. 2014)

Abel v. Dubberly, 210 F.3d 1334, 1339 n.5 (11th Cir. 2000)

Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254-56 (1981)

Brillinger v. City of Lake Worth, 317 F. App'x 871, 877 (11th Cir. 2008)

Washington v. Kroger Co., 218 F. App'x 822, 826 (11th Cir. 2007)

Rojas v. Florida, 285 F.3d 1339, 1342 (11th Cir. 2002)

Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1266 (11th Cir. 2010)

3. USS's actions were Not Motivated by Plaintiff's race. USS had legitimate reasons for its actions. In any event, Plaintiff would have been discharged due to his subsequent incident.

Eleventh Circuit Jury Instruction 4.9, pp. 1-2

4. Even if USS violated Title VII or § 1981 as to any decision made with respect to Plaintiff, the same decision would have been made in any event for legitimate non-discriminatory reasons.

Harris v. Shelby Cty. Bd. of Educ., 99 F.3d 1078, 1083-85 (11th Cir. 1996)

DuBose v.VSF Bd. of Trustees, 811 F. App'x 547 (11th Cir. 2020)

Eleventh Circuit Jury Instruction 4.9, p. 3

5. Plaintiff is not entitled to punitive damages as none of the actions taken by USS relative to Plaintiff were taken maliciously, intentionally, in bad faith, or with reckless or callous disregard for the federally protected rights of Plaintiff. Any alleged discriminatory acts were contrary to USS's good faith efforts to comply with the law.

EEOC v. Excel, Inc., 884 F.3d 1326 (11th Cir. 2018)

Miller v. Kentworth of Dothan, Inc., 277 F.3d 1269, 1331-33 (11th Cir. 2002)

Eleventh Circuit Jury Instruction 4.9, pp. 6-8

6. Plaintiff's voluntary resignation from USS forecloses his eligibility for an award of front pay, reinstatement, or back pay beyond the date of his resignation. Further, courts have found that voluntary resignation can constitute a failure to mitigate damages. Moreover, and in any event, Plaintiff would have been discharged due to his subsequent incident. Additionally, Plaintiff voluntarily quit his subsequent employment and thus failed to mitigate his damages.

Pace v. Alfa Mut. Ins. Co., No. 2:13-cv-697, 2016 WL 4419290, at *3 (M.D. Ala. Aug. 17, 2016)

Green v. Brennan, 136 S. Ct. 1769, 1778-80 (2016)

Brochu v. City of Riviera Beach, 304 F.3d 1144, 1161 n.29 (11th Cir. 2002)

Reiner v. Family Ford, Inc., 146 F. Supp. 2d 1279, 1288 (M.D. Fla. 2001)

6. Discovery and Other Pretrial Procedures.

    (a) Pretrial Discovery.

        i. Pursuant to previously entered orders of the court, discovery is closed.

(b) Pending Motions.

    There are no motions pending.

(c) Motions In Limine. Motions in limine must be filed at least one week in advance of the scheduled trial date and shall be accompanied by supporting memoranda. As to each matter counsel seeks to exclude, counsel shall indicate whether the exclusion is "opposed" or "unopposed" by counsel for the other side. Parties are encouraged to resolve evidentiary issues by stipulation whenever possible.

7. Trial Date.

    (a) This case is set for *Jury* trial on **March 22, 2021**.

    (b) The trial of this matter is expected to last 2 to 3 days.

8. Exhibit D. The parties are to comply fully with each provision contained in Exhibit D -- Standard Pretrial Procedures which is incorporated into this Order by reference as if fully set forth verbatim herein.

It is **ORDERED** that the above provisions be binding on all parties unless modified by further order for good cause shown.

**DONE** and **ORDERED** this January 11, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

**EXHIBIT D -- STANDARD PRETRIAL PROCEDURES**

1. **Damages**.  No later than twenty (20) calendar days prior to the date set for trial, the parties shall file and serve a list itemizing all damages and equitable relief being claimed or sought; such list shall show the amount requested and, where applicable, the method and basis of computation.

2. **Witnesses – Exchange of Lists**.

    (a) **Expert Witnesses**.  No later than twenty (20) calendar days prior to the date set for trial, the parties shall file and serve a list stating the names and addresses of all expert witnesses who have previously been identified in accordance with Fed. R. Civ. P. 26(a)(2) and whose testimony may be offered at trial.

    (b) **Other Witnesses**.  No later than twenty (20) calendar days prior to the date set for trial, the parties shall file and serve a list stating the names and addresses of all witnesses (other than expert witnesses) whose testimony they may offer at trial.

    (c) **Contents of Lists**.  The parties shall appropriately indicate on their witness lists: (1) the "primary" witnesses – those witnesses whose testimony the party expects to offer; (2) the "optional" witnesses – those witnesses whose testimony the party expects will not be needed, but the party has listed to preserve its right to offer such testimony should the need arise in light of developments at trial, and (3) those witnesses the party expects to present by means of depositions with a listing of the specific pages from the depositions to be used.

    Unless specifically agreed by the parties in writing or allowed by the court for good cause shown, the parties shall be precluded from offering substantive evidence through any witness not included on the party's witness list.  The listing of a witness does not commit the party to have such witness available at trial or to call such witness to testify, but it does preclude the party from objecting to the presentation of such witness's testimony by another party.

    As to any witnesses shown on such list to be presented by deposition, within ten (10) business days after the filing of such list, an opposing party may serve a list of additional pages of the deposition to be used, and may serve and file a list disclosing any objections to the use of such deposition testimony under Rule 32 or Rule 26(a)(3)(B).  Any objections to deposition testimony should be accompanied by excerpts from the depositions including the testimony to which the objection relates.  Objections not made within such time, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived, unless such failure to timely object is excused by the court for good cause shown.

3. **Exhibits**.

    (a) **Exchange of lists**.  No later than twenty (20) calendar days prior to the date set for trial, the parties shall file and serve a list providing an appropriate identification of each document or other exhibit, including summaries of other evidence, separately

identifying those exhibits that the party expects to offer and those exhibits that the party may offer if the need arises. Unless specifically agreed by the parties in writing or allowed by the court for good cause shown, the parties shall be precluded from offering as substantive evidence any exhibit not so identified.

Courtesy copies of Exhibit Lists should be submitted to the Clerk's office (for delivery to the judge's chambers), as well as emailed to the chamber's email address at *proctor_chambers@alnd.uscourts.gov*, in either Word or WordPerfect format.

(b) **Objections and Stipulations.** Upon receipt of Exhibit Lists, the parties shall immediately meet and confer regarding any objections to the listed exhibits. Most objections should be cured by discussion, and the parties should stipulate as to the admissibility of as many exhibits as possible.

As to any document or other exhibit on which agreement cannot be reached, including summaries of other evidence shown on such list, no later than (10) business days before trial, an opposing party shall serve and file a list disclosing any objection, together with the grounds therefor, that may be made as to the admissibility of exhibits identified on such list. Objections not so disclosed, other than objections under Fed. R. Evid. 402 and 403 are waived, unless such failure to timely object is excused by the court for good cause shown. The court generally rules on objections to exhibits outside the presence of the jury and will do so prior to opening statements, to the extent possible.

(c) **Counsel requiring authentication** of an opponent's exhibit must notify offering counsel in writing within ten (10) business days after the exhibit is identified and made available for examination. Failure to do so is an admission of authenticity.

(d) **Marking**. Each party that anticipates offering more than five (5) exhibits as substantive evidence shall premark such exhibits in advance of trial, using exhibit labels and lists available from the Clerk of Court. The court will provide up to 100 labels; if any party needs more labels, that party must use labels of the same type as those supplied by the court. Counsel <u>must</u> contact the courtroom deputy for the appropriate exhibit list form for use at trial. The court urges counsel to be judicious in determining which documents actually are relevant to necessary elements of the case.

(e) **Examination by Opposing Party**. Except where beyond the party's control or otherwise impractical (*e.g.*, records from an independent third-party being obtained by subpoena), each party shall make such exhibits available for inspection and copying. The presentation of evidence at trial shall not ordinarily be interrupted for opposing counsel to examine a document that has been identified and was made available for inspection.

    (f)    **Court's Copies**. In addition to the premarked trial exhibits mentioned above, the court requests for the bench an exhibit notebook of anticipated trial exhibits (to the extent possible and practical). The notebook should include a copy of the Exhibit List referenced in "(d)" above.

    (g)    **Special and Visual Exhibits**. Should either side desire to present exhibits via projection onto a screen or monitor or by enlargement, or other special means to present the exhibit to the jury, such exhibits will be limited to the twenty (20) most critical documents to that side's case. Counsel shall advise opposing counsel at the same time as submission of the Exhibit List which documents it plans to so present. Hard copies of such exhibits must first be identified before projection. Counsel is responsible for providing whatever technology may be necessary for such projection.

**THE PARTIES ARE REMINDED THAT THEY WILL NOT BE ALLOWED TO USE AT TRIAL ANY WITNESS OR EXHIBIT NOT DISCLOSED IN ACCORDANCE WITH FED. R. CIV. P. 26(a) OR 26(e), UNLESS EXTREMELY GOOD CAUSE IS SHOWN AND THE OFFERING PARTY CAN SHOW THAT ITS FAILURE TO DISCLOSE WAS HARMLESS.** *See* **Fed. R. Civ. P. 37(c)(1).**

**4.**    <u>**Use of Depositions at Trial**</u>.

    (a)    The court will accept the parties' written agreement to use a deposition at trial even though the witness is available. In the absence of such an agreement, parties must comply with Fed R. Civ. P. 32.

    (b)    Before trial, counsel must provide the courtroom deputy with a copy of all depositions to be used as exhibits at trial.

    (c)    To the extent possible, counsel will designate the <u>portion</u> of any deposition that counsel anticipates reading by citing pages and lines in the final witness list. Objections, if any, to those portions (citing pages and lines) with supporting authority must be filed at least five (5) business days before trial.

    (d)    Use of videotape depositions is permitted and the parties must make good faith efforts to agree on admissibility or edit the videotape to resolve objections.

    (e)    In a non-jury trial, for any deposition offered as a trial exhibit, counsel shall attach to the front of the exhibit a summary of what each party intends to prove by the deposition testimony, with line and page citations, and include an appropriate concordance of the deposition pages offered.

**5.**    <u>**Trial Submissions to Court**</u>.

No later than ten (10) business days prior to the scheduled trial date, each party will submit the following to the Clerk's office (for delivery to the judge's chambers):

      (a)      A listing of what each party understands to be the essential elements of each of Plaintiff's claim(s) (separate listing for each claim).

      (b)      A listing of what each party understands to be the essential elements of each Defendant's defense(s) (separate listing for each defense).

      (c)      A listing of what each party understands to be the essential elements of each Defendant's counterclaim(s), if any (separate listing for each counterclaim).

      (d)      A listing of what each party understands to be the essential elements of each defense to any Defendant's counterclaim, if any (separate listing for each defense).

      (e)      A listing of any special evidentiary or other anticipated legal problems with citation to legal authority that supports the party's position.

      (f)      Any special questions or topics for voir dire examination of the jury venire.

Parties may, if they desire, file trial briefs. Any such briefs must be filed at least ten (10) business days prior to trial. Opposing parties may respond to such trial briefs at least five (5) business days prior to trial. The briefs, if any, should not exceed ten (10) typed pages and must otherwise comply with this court's Exhibit A to the Scheduling Order. Additionally, three-hole punched courtesy copies of all briefs must be submitted to the Clerk's office (for delivery to the judge's chambers), as well as emailed to the chamber's email address at *proctor_chambers@alnd.uscourts.gov*, in either Word or WordPerfect format.

**6.**    <u>**Jury Charges**</u>.

No later than five (5) business days prior to the scheduled trial date, the parties shall file a **single, joint proposed jury charge**, including all necessary instructions, or definitions applicable to the specific issues of the case. The parties need not submit standard generic instructions regarding routine matters, *e.g.*, burden of proof, credibility of witnesses, duty of jurors, etc.

      (a)      **Each** requested **instruction** must be <u>numbered</u> and presented on a separate sheet of paper with authority cited.

      (b)      In their joint, proposed jury materials, counsel are to include all necessary instructions or definitions, specifically including: (1) the *prima facie* elements of each cause of action and defense asserted; (2) legal definitions required by the jury; (3) items of damages; and (4) methods of calculation of damages. Counsel are to use the Eleventh Circuit Pattern Jury Instructions, or appropriate state pattern jury instructions, as modified by case law or statutory amendments, wherever possible. Any deviations must be identified, and accompanied with legal authorities for the proposed deviation.

      (c)      Even if the parties, in good faith, cannot agree on all instructions, definitions or questions, the parties should nonetheless submit a single, **unified** charge. Each

        disputed instruction, definition, or question should be set out in bold type, underlined or italics and identified as disputed.  Each disputed item should be labeled to show which party is requesting the disputed language.  Accompanying each instruction shall be all authority or related materials upon which each party relies.  **The parties shall also email the unified charge, in either Word or WordPerfect format, to the chamber's email address at** *proctor_chambers@alnd.uscourts.gov*.

7. **Court's Expectations**.

   (a) The court will expect all parties to be ready for trial as of the trial date set in the Pretrial Order unless a continuance is requested within ten (10) business days after the date on which the court enters the Pretrial Order.  Continuances based on inadequate preparation will not be considered favorably.

   (b) The court calls to the attention of all parties the various time requirements in the Pretrial Order and Exhibits.  The court strictly adheres to these time requirements to avoid last minute requests for rulings.

   (c) Any case announced settled after the Pretrial Conference but before the scheduled trial date will be dismissed with prejudice and with costs taxed as paid on the scheduled trial date unless a different stipulated judgment form is submitted on or before the scheduled trial date.